674 So.2d 1007 (1996)
In the Matter of E.I. du PONT de NEMOURS & COMPANY, INC. Petition for Exemption from the Land Disposal Regulations.
No. 94 CA 2549.
Court of Appeal of Louisiana, First Circuit.
April 24, 1996.
Rehearing Denied June 25, 1996.
*1008 Daria Burgess Diaz, New Orleans, for AppellantsSierra Club, Delta Chapter, LA Environmental Action Network, St. John Citizens, Gulf Coast Tenants, etc.
Elliott B. Vega, Baton Rouge, for AppelleeDepartment of Environmental Quality.
Joseph E. LeBlanc, Jr., Eric E. Jarrell, New Orleans, for AppelleeE.I. du Pont de Nemours & Co., Inc.
*1009 Before LOTTINGER, C.J., and WATKINS, SHORTESS, CARTER, LeBLANC, FOIL, GONZALES, WHIPPLE, FOGG, PITCHER, PARRO, FITZSIMMONS and KUHN, JJ.
LeBLANC, Judge.
Louisiana Environmental Action Network, St. John Citizens for Environmental Justice, Gulf Coast Tenants Organization, League of Women Voters-Louisiana, Louisiana Coalition for Tax Justice, Sierra Club-Delta Chapter, and Southern Christian Leadership Conference (collectively referred to as "the associations"[1]), appeal a decision of an Assistant Secretary of the Department of Environmental Quality (DEQ) granting E.I. du Pont de Nemours & Co., Inc. (DuPont), an exemption from Louisiana's land disposal restrictions.

I.
The Louisiana Legislature, in its 1995 Regular Session enacted Act No. 1208 to amend and reenact La.R.S. 13:3662(H)(2) and (3) and La.R.S. 30:2024(C). Prior to this amendment, La.R.S. 30:2024(C) gave this court appellate jurisdiction over the DEQ actions concerning permits and exemptions. The amendment, in part, places appellate jurisdiction over those decisions with the Nineteenth Judicial District Court. The issue of the constitutionality of this amendment was raised in the case of In the Matter of Rubicon, Inc., 95-0108 (La.App. 1st Cir. 2/14/96), 670 So.2d 475. In an en banc decision, this court determined that Act No. 1208 is unconstitutional and, therefore, appellate jurisdiction over the DEQ actions concerning permits and exemptions remains with this court.

II.
DuPont operates a chemical manufacturing plant, known as the DuPont Pontchartrain Works Facility, in St. John the Baptist Parish, Louisiana. The facility currently operates three Class I hazardous materials injection wells for the disposal of hazardous waste generated by its operations. By means of deep well injection, DuPont injects fluid hazardous waste into porous rock formations below the ground surface. DuPont's hazardous waste injection wells are drilled through the Gonzales-New Orleans Aquifer and the Norco Aquifer, which are underground sources of drinking water.
Louisiana law prohibits the deep-well injection of hazardous waste unless an exemption is granted by the DEQ. La.R.S. 30:2193. On August 9, 1990, DuPont submitted a petition to the DEQ requesting an exemption from the land disposal restrictions. On July 22, 1994, the DEQ granted the exemption.
On appeal, the associations contend the DEQ did not comply with the legal requirements imposed by the land band statute; the DEQ's decision was manifestly erroneous; the DEQ's decision was arbitrary and capricious; and, the DEQ's decision violated the Louisiana Constitution. DuPont contends the associations lack standing to maintain the appeal. Because of the nature of DuPont's argument, we will address it first.

III.
Pursuant to La.R.S. 30:2024(C) a person must be aggrieved by a final decision or order by the DEQ in order to support standing to maintain an appeal. To be "aggrieved" under La.R.S. 30:2024(C), "a party must have a real and actual interest which is or may be adversely affected by the DEQ's decision." In the Matter of BASF Corporation, Chemical Division, 533 So.2d 971, 973 (La.App. 1st Cir.1988).
The associations contend they are community and environmental organizations representing citizens throughout Louisiana; they are concerned about and would be affected by the health, safety and environmental harms that could result from the continued land disposal of hazardous waste into DuPont's three injection wells; and they are concerned about the threats that DuPont's injections wells pose to the aquifers, particularly the nearby Covington Aquifer, which *1010 they and their members use for drinking water.
We find that the associations have sufficiently alleged grievances indicating that they represent organizations that have a real and actual interest in the object of this appeal. Thus, we find that they have established that they are "aggrieved" within the context of La.R.S. 30:2024(C). Cf. In the Matter of Recovery I, Inc., 93-0441, pp. 7-8 (La.App. 1st Cir. 4/8/94), 635 So.2d 690, 694-95, writ denied, 94-1232 (La.7/1/94), 639 So.2d 1169, and In the Matter of BASF Corporation, 533 So.2d at 973-74. DuPont's argument lacks merit.

IV.
The associations raised three assignments of error in their appeal of the DEQ's decision to grant DuPont's exemption from the land disposal regulations:
1. The DEQ's Final Decision to grant DuPont an exemption from the statutory ban on hazardous waste land disposal violates the DEQ's duty as primary public trustee of the environment....
2.... The final decision granting DuPont an exemption from the statutory ban on the land disposal of hazardous waste violates the Louisiana Constitution, the Environmental Quality Act, and the DEQ's Hazardous Waste Regulations.
3. Based on information and evidence contained in the administrative record, the DEQ's final decision to grant DuPont an exemption from the statutory ban on the disposal of hazardous waste is arbitrary and capricious, manifestly erroneous, and characterized by an abuse of discretion.
We find that through those assignments of error, the associations have raised the adequacy of the record herein concerning the basis for the DEQ's decision. See Rubicon, 95-0108, p. 9, 670 So.2d at 481.
In August, 1990, DuPont submitted its exemption petition to the DEQ. A public hearing was held, followed by the required public comment period. The exemption was granted by letter, signed by Glenn A. Miller, Assistant Secretary of the DEQ, dated July 22, 1994. Attached to the letter were eleven conditions DuPont was required to meet and a brief summary of the DEQ's response to three issues which had been raised during the public comment period.
The duties of the Secretary of the DEQ were succinctly stated by the Louisiana Supreme Court in Save Ourselves, Inc. v. Louisiana Environmental Control Commission, 452 So.2d 1152, 1157 (La.1984), wherein the court held:
The agency is required to use a systematic, interdisciplinary approach to evaluation of each hazardous waste project or facility. In determining whether the proposed project fully minimizes adverse environmental effects, the commission [DEQ] necessarily must consider whether alternate projects, alternate sites, or mitigative measures would offer more protection for the environment than the project as proposed without unduly curtailing non-environmental benefits. (Citation omitted).
The DEQ, in its written finding of facts and reasons for decision must consider whether: 1) the potential and real adverse environmental effects of the proposed project have been avoided to the maximum extent possible; 2) a cost benefit analysis of the environmental impact costs balanced against the social and economic benefits of the project demonstrate that the latter outweighs the former; and 3) there are alternative projects or alternative sites or mitigating measures which would offer more protection to the environment than the proposed project without unduly curtailing non-environmental benefits to the extent possible. Rubicon, 95-0108, p. 12, 670 So.2d at 483.
In In the Matter of American Waste and Pollution Control Co., 93-3163, p. 18 (La. 9/15/94); 642 So.2d 1258, 1265-66, the supreme court set forth the standard of judicial review to be employed by a reviewing court for an appeal of a decision of the DEQ Secretary:
In Save Ourselves, the standard of judicial review provided by LSA-R.S. 49:964 was *1011 applied by analogy to the quasi-judicial decisions of the DEQ Secretary.
"Pursuant to § 964, a reviewing court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record." Save Ourselves, 452 So.2d at 1158.
On review, a court should not reverse a substantive decision of the DEQ on its merits unless it can be shown that the Secretary was arbitrary or clearly gave insufficient weight to environmental protection in balancing the costs and benefits of the proposed action. The court must reverse if the decision was reached "without individualized consideration and balancing of environmental factors conducted fairly and in good faith." Save Ourselves, 452 So.2d at 1159.
In reaching a decision, the DEQ must consider and abide by the admonition from the supreme court that it "is required to make basic findings supported by evidence and ultimate findings which flow rationally from the basic findings; and it must articulate a rational connection between the facts found and the order used." Id. It is only by detailing its reasoning does the DEQ uphold its position as public trustee and justify the discretion with which it is entrusted by constitutional and statutory authority in a contested environmental matter. American Waste, 642 So.2d at 1266.
However, the July 22, 1994 letter notifying DuPont that the permit had been granted under certain conditions with the attached conditions and responses to public comments falls far short of the requirements of the DEQ set forth in Save Ourselves and American Waste. The letter contains no basic findings supported by the evidence, ultimate findings or an articulated rational connection between the facts found and the order issued. The Fact Sheet which was prepared at some point prior to March 21, 1994, was not referenced or incorporated in the July 22 letter notifying DuPont of the DEQ's decision. Even if we rely on the Fact Sheet as "basic findings of fact", there is nothing in the record which could be viewed as "ultimate findings" or which articulate a rational connection between the facts found and the order issued. See Save Ourselves, 452 So.2d at 1159.

V.
In the absence of any findings by the DEQ Secretary, we hold that the petition was approved erroneously without proper evaluation. Accordingly, the July 22, 1994 approval of the petition by DuPont for an exemption from the land disposal restrictions is vacated and set aside; this action is remanded to the DEQ for the issuance of findings to support the approval of the petition by DuPont for an exemption from the land disposal restrictions consistent with the views expressed herein. Costs of this appeal are assessed against DuPont.
VACATED AND REMANDED.
CARTER, J., concurs in the result.
FOGG, J., dissents in part and concurs in part and assigns reasons.
FITZSIMMONS, J., dissents in part and concurs in part for the reasons assigned by FOGG, J., and assigns reasons.
GONZALES, J., dissents in part and concurs in part for the reasons assigned by FOGG, J.
FOIL, J., dissents in part and concurs in part for the reasons set forth by FOGG, J.
FOGG, Judge, dissenting in part and concurring in part.
I disagree with the majority's conclusion that the factual findings are insufficient and, therefore, this case must be vacated and *1012 remanded. The appellants assert, as stated by the majority, that DEQ has violated various statutory and constitutional provisions. The specific actions which the appellants allege result in these violations are as follows. First, the appellants allege DEQ did not adequately discuss, in its reasons, the evidence before it in reviewing the petition; therefore, the case must be remanded. In this assignment of error, the appellants assert that DEQ's reasons are deficient solely because they do not address two geological studies that were before the agency. Second, the appellants contend DEQ manifestly erred in determining that DuPont was eligible for an exemption from the land ban statute. For the following reasons, these issues can be addressed without expanding the issues raised on appeal to include a broad inquiry into the adequacy of the reasons of DEQ.
Applying the requirements of Save Ourselves, the record is adequate for our review. In making a decision, DEQ "is required to make basic findings supported by evidence and ultimate findings which flow rationally from the basic findings; and it must also articulate a rational connection between the facts found and the order issued." Save Ourselves, Inc. v. Louisiana Environmental Control Commission, 452 So.2d 1152, 1159 (La.1984). Although the court will uphold a decision of less than ideal clarity if the agency's reasoning may be easily discernible on the record, it will not supply a finding from the evidence or a basis for the action which was not found by the Secretary. Only by detailing its reasoning does DEQ uphold its position as public trustee and justify the discretion with which it is entrusted by constitutional and statutory authority in a contested environmental matter. Save Ourselves, 452 So.2d at 1160.
This court has had numerous opportunities to apply these principals. We have stated that, "Save Ourselves does not require a particular type of risk benefit analysis or that all the balancing be articulates and explained in detail in the secretary's decision." Matter of CECOS Intern., 574 So.2d 385, 392 (La.App. 1 Cir.1990), writ denied, 576 So.2d 18 (La.1991). If a DEQ decision lacks sufficient detail, it can be upheld if the agency's analysis can be reasonably discerned such as when the findings, reasons, and exercise of discretion are obviously implied in the record. CECOS, 574 So.2d at 393; Matter of Marine Shale Processors, 566 So.2d 994 (La. App. 1 Cir.), writ denied, 568 So.2d 1055 (La.1990); Blackett v. Louisiana Dept. of Environmental Quality, 506 So.2d 749 (La. App. 1 Cir.1987). See also Matter of Shreveport Sanitary and Indus. Landfill, 521 So.2d 710 (La.App. 1 Cir.1988). Where the findings and reasons of the secretary are necessarily implicit in the record and the record readily yields substantial evidence to support its determination, a decision is not invalid merely because of its failure to make explicit its findings which are self-evident. Matter of Marine Shale Processors, 566 So.2d at 1000.
In the instant case, DEQ made the factual determination that the scientific information presented by DuPont was accurate. It set forth detailed factual findings upon which it relied in rendering its order. The appellants contend DEQ's reasons are deficient solely because they do not address two geological studies that were placed in evidence. I disagree. DEQ is required to articulate a rational connection between its factual findings and its order. Save Ourselves, 452 So.2d at 1159. To meet this requirement, DEQ does not have to rebut adverse evidence placed in the record as asserted by the appellants.
This case is distinguishable from the case of In the Matter of Rubicon, 95-0108 (La. App. 1 Cir. 2/14/96), 670 So.2d 475, as in that case, as stated by the majority, there was an "absence of any findings by the DEQ Secretary." Herein, the record is sufficient to comply with the standard set forth in Save Ourselves.
For the foregoing reasons, I respectfully dissent in part. I concur in the finding that appellants have standing to maintain this appeal.
FITZIMMONS, Judge, concurring in part and dissenting in part with reasons.
I respectfully join in the concurrence and dissent articulated by Judge Fogg, which supports the adequacy of the record for appellate review. Additionally, I reiterate my *1013 dissenting position previously expressed, in extenso, in In the Matter of Rubicon, 95-0108 (La.App. 1st Cir. 2/14/96), 670 So.2d 475, in which I would have upheld the constitutional viability of Louisiana legislative Act 1208.
NOTES
[1] In addition, Louisiana Citizen Action is listed in the Application for Appeal and in the Order for Appeal signed by the Administrative Hearing Officer.